UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 3:18-CR-30001-WGY

---

UNITED STATES OF AMERICA

v.

DAPHNE MOORE, et als.

---

---

DEFENDANT DAPHNE MOORE'S
MEMORANDUM IN SUPPORT OF HER
MOTION FOR A BILL OF PARTICULARS

---

An indictment must charge a crime in terms that notify the defendant of the accusation in terms that are sufficiently clear and definite to enable her to defend herself. *United States v. Troy*, 618 F3d 27, 34 (1st Cir. 2010). But a well-pled indictment is not necessarily adequate to protect the defendant's constitutional right to fair notice.

The statutory language may be used to describe the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id; Hamling v. United States,* 418 U.S.

1

87, 117 (1974) ["as long as the elements of the offense are delineated *and the general statement is accompanied by the specific facts constituting the offense*" (emphasis added)].  When the issue is whether a bill of particulars should be ordered, the sufficiency of the indictment "turns on whether or not the indictment fairly informs the defendant of the charges such that the defendant can prepare a defense, thus avoiding surprise at trial, can assert double jeopardy, or both." *United States v. Johnson*, 225 F. Supp. 2d 982, 992 (N.D. Iowa 2002). Where guilt depends on "specific identification of . . . facts" that are not set out in the indictment, a bill of particulars is called for. *Id*., at 993, 999-1000, citing and quoting *Hamling, supra*. These are constitutional requirements. *Hamling*, at 117.

When an indictment, or a count of an indictment, does not meet this standard of clarity and specificity, a bill of particulars is the remedy.

> Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer. Its proper office 'is to furnish to the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial', and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because evidentiary in nature', and an accused is entitled to this 'as a matter of right'. [citations omitted]

*United States v. Smith*, 16 F.RD. 372, 375 (W.D.Mo. 1954). When considering a motion for a bill of particulars the Court must strike a "prudent balance" between the government's interests and the defendant's interests. *United States v. Ramirez*, 54 F. Supp 2d 25, 29 (D.D.C 1999). A bill of particulars is

not a discovery tool; it properly requires clarification of the indictment, requiring the government to disclose allegations, not evidence. *Id*., at 30. This is what Ms. Moore seeks in her motion for a bill of particulars.

**I.  The Narcotics And Money Laundering Counts Do Not Put Ms. Moore Fairly On Notice Of The Conduct Which They Encompass.**

In this case, Ms. Moore faces charges of participating in a narcotics conspiracy and a money laundering conspiracy. Neither requires allegation or proof of an overt act.  *Whitfield v. United States*, 543 U.S. 209, 212 - 218 (2005). No overt acts are alleged with respect to either Count 1 or Count 8. In fact, the  earliest narcotics or money-laundering transaction alleged in any count of the indictment is January 23, 2017. "A bill of particulars is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail." *Ramirez*, supra at 30; *United States v. Johnson*, 225 F. Supp. 982, 1001-1003 (ND Ia. 2000)[applying *Ramirez* logic to CCE count]. The same logic applies to the money laundering conspiracy count.

Likewise, where the indictment leaves open large periods of time in which no criminal activity is alleged, a bill of particulars is the appropriate way to notify the defendant whether and to what extent the government intends to prove the commission of crimes during that period:

> Furthermore, while the conspiracy in this case is alleged to have begun in the spring of 1998 and to have lasted until on or about February 9, 1999, defendants . . . are not charged with any criminal conduct before February 4, 1999, only six days before the alleged conspiracy ended. * * * In these circumstances, the Court concludes that the defendants are entitled to a bill of particulars in order to permit them to prepare adequately for trial.

*Ramirez*, at 30; see also, *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C 2011)[gap of 8-15 days warranted bill of particulars for that period].

The narcotics and money-laundering conspiracies with which Ms. Moore is charged in Counts 1 and 8 are each alleged to have commenced in October 2014 or earlier. Count 1, ¶1; Count 8, ¶11. The first acts of narcotics possession or distribution alleged in the indictment are dated May 8, 2017 (Count 2); the only such acts charged against Ms. Moore are dated November 17, 2017 (Count 3). Neither is referenced in Count 1. The indictment does not allege any narcotics activity for the first 32 months of alleged conspiracy and no narcotics activity by Ms. Moore for the first 38 months of the conspiracy that, it is alleged, lasted 40 months. The first acts of money laundering by deposit [Counts 9-13, in which Ms. Moore is not charged] are dated January 23, 2017 [5 months before the first narcotics charged transactions are dated]. Ms. Moore is first charged with money-laundering November 17, 2017, 38 months into the money-laundering conspiracy (Count 8).

The vast majority of the time during which the alleged narcotics and money-laundering conspiracies were carried out stands available to be filled with allegedly criminal conduct as to which the indictment offers not an inkling of information. This unfairly handicaps Ms. Moore's ability to investigate alleged episodes of criminal conduct that the government would be free to offer as proof of the conspiracy, without any prior notice to her.  Thus neither Count 1 nor Count 8 of the indictment gives her fair notice of the series of acts that constitute those alleged conspiracies.

4

In *Ramirez*, the court remedied a much less extreme shortcoming by ordering:

> Specifically, they are entitled to a bill of particulars setting forth the names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses), the approximate dates and locations of any meetings or conversations not already identified in the indictment in which each defendant allegedly participated, and the approximate date on which each defendant allegedly joined the conspiracy. *United States v. Taylor*, 707 F. Supp. 696, 700 (SDNY 1989). See *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998)(names of unindicted co-conspirators to be provided in bill of particulars); see also, *United States v. Resko*, 3 F3d 684, 696 (3rd Cir. 1993)(defendant may be held liable for acts by all co-conspirators even when he "did not know all of the details or goals of the conspiracy"). While the Court is not expressly requiring that the government provide the defendants with all overt acts taken by anyone in furtherance of the conspiracy, the government should understand that it is required to provide particulars as to all overt acts (or at least all meetings and conversations) in which <u>any</u> defendant participated so that each defendant may understand the government's view of his role in the conspiracy. See *United States v. Rogers*, 617 F. Supp. 1024, 1029 (D.Colo. 1985)(overt acts in furtherance of conspiracy to be provided in bill of particulars); *United States v. Hubbard*, 474 F. Sup 64, 81 (D.D.C. 1979)(same).

*Ramirez*, 54 F. Supp. 2d, at 30.

The money-laundering count suffers from an additional shortcoming in its allegations about the specified unlawful activity [SUA] that allegedly generated the proceeds that were involved in the transactions in which the conspirators allegedly engaged. The SUA is alleged to have been the conspiracy in Count 1. Count 1 is a null set when it comes to SUAs – no SUA transactions are described in that count. This linkage between two "conduct-void" conspiracies highlights the need for particulars as to Count 1. In addition, the proceeds-

generating SUA is alleged to have been unspecified acts of distribution and possession with intent to distribute that are not tied to any allegations in the indictment by reference. Of these, only distribution can generate proceeds. Defendant Moore has no way of knowing which alleged narcotics transactions the Government intends to prove to support its money-laundering conspiracy allegation. She is entitled to know what alleged conduct constitutes the specific offense charged here. *Hamling*, 418 U.S. at 117-118

The logic of *Hamling*, *Smith* and *Ramirez* applies to Ms. Moore's further request, as to Count 8, for particulars identifying each incident of SUA that generated proceeds alleged to have been involved in the money laundering conspiracy charged. Conspiracies are agreements that are almost always inferred from conduct, and only conduct will serve to distinguish the specific offense charged from the general category of offenses defined by the statute. *Hamling*, 418 U.S. at 117-118.

**II. Count III Is So Broad That No Specific Offense Can Be Identified In It.**

Count 3 charges that on November 17, 2017, Ms. Moore and six other individuals distributed and possessed with intent to distribute, heroin, cocaine, and cocaine base in Hampden, Hampshire and Franklin counties in Massachusetts, in Washington County, Vermont, and "elsewhere," and with aiding and abetting these offenses. This is such an amorphous charge that it is impossible to sort out the total number of combinations and permutations of these variables that could be assembled into a criminal episode.

When prosecuting under the theory of aiding and abetting, the Government must prove the identity of the principal as an essential element of its proof. *United States v. Ford*, 821 F3d 63 (1st Cir. 2016)[government must prove that the crime was committed by someone other than the defendant]; *United States v. Tar*, 589 F2d 55, 59 (1st Cir. 1978) [same]. Knowledge of the identity of the alleged principal is essential to Ms. Moore's ability to investigate and prepare her defense to this capacious count.

**III. The Money Laundering Transaction Counts Are Devoid Of Essential Information**.

Like the money laundering conspiracy charged in Count 8, the money laundering transactions charged in Counts 14-19 have as an element the fact that the money transacted was proceeds of a qualifying SUA. Again, in these six counts, alternate SUAs are alleged. On the one hand, the conspiracy charged in Count 1, which alleges not a single transaction; on the other hand, any act of distribution or possession with intent to distribute, any controlled substance, committed by any person at any time and any place. Not only is no identifiable transaction alleged with respect to any of these six counts, no facts are alleged from which one or more might be inferentially identified. The principles of *Hamling*, supra, and *Ramirez*, supra, apply to these counts. See Part I, supra.

Aiding and abetting is also charged in these counts, making the identity of the principal a crucial fact for preparing and presenting Ms. Moore's defense. See, p. 6 supra. The alleged purposes of the money laundering include promoting the narcotics conspiracy and narcotics transactions SUAs, creating

the possibility of the merger issue noted on page 6. The particulars requested as to these counts are designed to enable Ms. Moore to identify and develop these defensive positions as well.

**IV. The Forfeiture Allegations Lack Essential Information**.

The forfeiture allegations encompass all property that constitutes proceeds of the offenses charged in Counts 1-6 [narcotics conspiracy and transactions] and Counts 7-19 [money laundering conspiracy and transactions]. Ms. Moore is not charged in Counts 2, 4-6, 7 or 9-13. She cannot be penalized by forfeiture of her assets to compensate the Government through substitution for any forfeitable assets that her codefendants have made unavailable for forfeiture. To protect herself against the imposition of unwarranted penalties, she is entitled to know what property the government alleges is subject to forfeiture under each of these forfeiture allegations, and to know what forfeitable property the government claims has been made unavailable to it by the acts of other defendants.

It is critical also to distinguish between assets generated by conspiratorial activity and individual activity. Forfeiture may apply vicariously to members of a conspiracy. *United States v. White*, 116 F3d 948, 951-952 (1st Cir. 1997). But only the proceeds of individual criminal acts can be imposed on the individual.

The information requested regarding forfeiture is indispensable to enable Ms. Moore to assert and defend her Eighth Amendment safeguards against the imposition of excessive punitive economic sanctions, protections that are "fundamental to our scheme of ordered liberty." *Timbs v. Indiana*, 139 S.Ct.

682, 689 (2019). This guarantee limits forfeiture to amounts that are proportionate to an individual's wrongdoing. *Id*., at 688.

## CONCLUSION

For the foregoing reasons, Defendant Daphne Moore requests an order requiring the Government to file a bill of the particulars requested in her motion.

Respectfully submitted,
Daphne Moore, Defendant, by


 /s/ Linda J. Thompson
Linda J. Thompson, Esq.
BBO# 496840
THOMPSON & THOMPSON, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103

[413] 739-2100
linda@ttpclaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document will be served on counsel of record for each represented party in this action through PACER's electronic filing and service system, this 22nd day of April, 2019.

 /s/ Linda J. Thompson
Linda J. Thompson

9